IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | D.C. No. 1:14-cr-00189-AWI-BAM-2 |
| Plaintiff - Appellee, | CTA No. 15-10455 |
| v. | **ORDER GRANTING EXTENSION OF TIME TO FILE NOTICE OF APPEAL** |
| **HOLLY GITMED**, | |
| Defendant-Appellant. | **(Docs. 109, 110)** |

On August 28, 2015, this Court entered judgment on Defendant's case. Doc. 103. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Defendant had fourteen days within which to file her notice of appeal. Defendant did not file a notice of appeal until September 14, 2015. Doc. 104. On September 18, 2015, the Ninth Circuit has remanded this matter for the sole purpose of determining whether the time filing of the notice of appeal should be extended pursuant to Rule 4(b)(4), based upon a finding a excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4). "[W]hen a notice of appeal is filed within the 30-day extension period during which a motion to extend time may be filed, the district may grant a subsequently filed motion to extend time, thereby validating the notice of appeal nunc pro tunc." *United States v. Layton*, 855 F.3d 1388,1415 (9th Cir. 1988). On September 21, 2015, Defendant filed a request for leave to file an untimely appeal. For the following reasons, that request will be granted.

Defense counsel has declared and provided documentary evidence to support the fact that he prepared a notice of appeal for filing on September 6, 2015. Doc. 110 at 2, ¶4. Counsel

directed his staff to file the notice of appeal once the Defendant approved. *Id.* Counsel discovered on September 14, 2015, that his office staff had not filed the notice of appeal as directed. *Id*. at ¶5. Counsel attributes that failure to a death in the family of his filing and calendar clerk. *Id.* at ¶6

In order to determine whether neglect is excusable the Court looks to the four factors articulated by the Supreme Court in *Pioneer*: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993); *see Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). "Excusable neglect" can be found in circumstances when the delay was caused by circumstances within the movant's control. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc).

Counsel's letter supports a finding of excusable neglect. As to the first and second considerations, because the Defendant's delay in filing her notice of appeal was only 7 days, the impact of the delay is limited and it poses no danger of prejudice to the United States. As to the third consideration, the Court has no reason to doubt Counsel's representation that Ms. Gitmed authorized the filing of the notice of appeal prior to the deadline or that his office's failure to file the notice of appeal was caused by a death in the family of one of his employees. That delay is understandable. Fourth and finally, as soon as Counsel was aware of the failure, he filed the notice of appeal and then quickly thereafter filed this motion to extend time; counsel acted in good faith to remedy his mistake.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to extend time for filing a notice of appeal to thirty days is GRANTED *nunc pro tunc*;
2. The Clerk of the Court is respectfully directed to provide a copy of this order to the Ninth Circuit Court of Appeal in reference to CTA No. 15-10455;

3. The Clerk of the Court is further respectfully directed to serve a copy of this order on Defendant's counsel, Kevin Little, Esq., at P.O. Box 8656, Fresno, California 93747.

IT IS SO ORDERED.

Dated:   September 29, 2015                      _____
                                                                SENIOR  DISTRICT  JUDGE